UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

  v.

DR. FAISAL AHMAD,

    Defendant.

Case No. 1:16-cv-500

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff, a prisoner at the Southern Correctional Facility (SOCF) and frequent litigant in this Court,[1] filed this §1983 action alleging that he was seen by a "diet tech on 11-30-15" and approved for a high calorie diet on 12-8-15 due to weight loss caused by ulcerative colitis. Plaintiff alleges that he was underweight and "qualified for this diet," but that the Defendant, Dr. Faisal Ahmed, discontinued the "approved and or recommended" diet only one day later, on 12-9-15. (Doc. 3 at 5). Plaintiff seeks compensatory damages and punitive damages totaling $600,000.00 from Dr. Ahmad "in his individual and official capacity." (*Id.*)

---

[1] *See, e.g.,* Case Nos: 1:08-cv-744; 1:16-cv-317; 1:16-cv-497; 1:16-cv-633; 1:16-cv-900; 1:16-cv-1099; 1:17-cv-72; 1:17-cv-91; 1:17-cv-95; 1:17-cv-124; 1:17-cv-127; 1:17-cv-196; 2:16-cv-545. In addition, Plaintiff previously has filed two petitions for habeas corpus: Case Nos. 1:11-cv-790; 1:16-cv-565. Defendant asserts that Plaintiff is equally litigious in state court. An examination of state court records reflects 10 cases filed by Plaintiff between March 16, 2016 and March 20, 2017 in the Ohio Court of Claims alone, including the case identified by Defendant as duplicative of the above-captioned federal case.

1

On May 31, 2016, the undersigned concluded on initial screening, and "without the benefit of briefing by the parties to this action,…that the complaint is deserving of further development and may proceed at this juncture." (Doc. 4 at 1). After filing an Answer, Defendant Ahmed[2] filed a motion to dismiss Plaintiff's claims.

**II. Analysis**

**A. Standard of Review**

A motion to dismiss under Rule 12(b) for failure to state a claim upon which relief may be granted ordinarily is filed in lieu of an Answer. However, the same defenses may be presented in a motion for judgment on the pleading sunder Rule 12(c) after pleadings are closed.

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001). In considering a motion to dismiss, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir.2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted).

---

[2]Defendant represents that Plaintiff misspelled his surname as "Ahmad." To avoid unnecessary confusion, the undersigned has continued to use Plaintiff's misspelling in the caption, but the correct spelling of Defendant's name is used in the remainder of this R&R.

2

**B. Grounds Asserted in Defendants' Motion**

Defendant's motion argues that he is entitled to dismissal of this federal lawsuit, because Plaintiff waived his right to bring a §1983 action in federal court by filing suit over the same claim in the Ohio Court of Claims, *see* Case No. 2016-000207. Based upon the prior filing of a duplicate suit in state court, Defendant persuasively argues that Plaintiff has waived all federal claims against him.

It is well established that states are entitled to sovereign immunity from suit, absent an express waiver of that immunity. "The Ohio Court of Claims Act waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims." *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987). In relevant part, Ohio R.C. § 2743.02(A)(1) provides:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any [state] officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

On March 16, 2016, Plaintiff filed a complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") in the Ohio Court of Claims. His complaint in that case contains virtually identical allegations to those contained in Plaintiff's federal complaint. Thus, Plaintiff alleges in his state court claim that he was seen by the "diet tech on 11-30-15" and "approved for a high calorie malnutrition diet on 12-8-15" but that Dr. Ahmed discontinued his "approved and recommended malnutrition diet" on December 9, 2015. Just as he does in his federal complaint, Plaintiff alleges in state court that Dr. Ahmed knew or should have known of his need for dietary treatment of his

3

ulcerative colitis. In the Ohio Court of Claims, Plaintiff asserts that the Defendant's failure to provide him with the special diet constitutes "negligence." and seeks monetary damages of $300,000.00. In an amended complaint in the Court of Claims, Plaintiff adds a claim of medical malpractice. Thus, the only differences between Plaintiff's previously filed suit in the Court of Claims and this federal lawsuit are: (1) the identity of the Defendant (ODRC versus Dr. Ahmed); (2) the basis for liability (common law negligence and/or medical malpractice versus 42 U.S.C. § 1983); and (3) the amount of damages ($300,000.00 versus $600,000.00).

In *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) *(en banc)*, *cert. denied*, 487 U.S. 1204 (1998), the Sixth Circuit Court of Appeals held that these are differences without a distinction, and that filing in the Court of Claims bars any federal suit seeking monetary damages for the same conduct against an individual state officer or employee. The *Leaman* court explained that O.R.C. § 2743.02(A)(1) constitutes "Ohio's statutory offer to subject itself to suit in the Court of Claims in exchange for a waiver of claims against individual state officials." Thus, Plaintiff's decision to sue the ODRC in the Ohio Court of Claims constitutes a waiver of his right to sue Dr. Ahmed in federal court under §1983 for the same conduct. *See id.* at 957. "Where a claimant elects to sue the state in the Court of Claims, in other words, the state's employees are given an affirmative defense which the federal court has both the jurisdiction and the duty to recognize." *Id.* at 954; *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 460 (6th Cir. 1998) (dismissing a plaintiff's request for monetary relief when she filed an identical complaint in the Ohio Court of

Claims after initiating a federal lawsuit); *Thomson v. Harmony*, 65 F.3d 1314, 1321 (6th Cir. 1995) (same).

Based upon the assertion of the affirmative defense presented in Defendant's motion, this Court is required to recognize that Plaintiff has waived all claims against Dr. Ahmed for the same conduct, due to his parallel suit in the Ohio Court of Claims. Although Plaintiff's Court of Claims litigation remains pending as of this writing, it is worth noting that Plaintiff's waiver could not be undone even if Plaintiff were to voluntarily dismiss that lawsuit. *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp.2d 806, 812 (S.D. Ohio 2005) (statutory waiver of federal § 1983 claim not effected by plaintiff's voluntary dismissal of suit in Court of Claims).

The only remaining issue is to determine whether Plaintiff McDougald should be held to the otherwise clear waiver based on his *pro se* status. As the district court explained in *Williams v. Smith*, 2006 WL 2192470, at *10 (S.D.Ohio, 2006):

> Before the Court may grant the motion to dismiss….federal claims against the Individual Defendants on waiver grounds, the Sixth Circuit implicitly requires the Court to make a finding as to whether Williams "knowingly, voluntarily, and intentionally" waived his right to proceed in federal court against the Individual Defendants.

*Id.*; *see also Smith v. Duncan,* 98 F.3d 1342 (6th Cir.1996) (unpublished, text available at 1996 WL 583413, at *1, finding, based on the lack of contrary evidence presented by defendants that *pro se* prisoner plaintiff's voluntary dismissal of his state court suit showed that he was not aware of the waiver).[3] *Kajfasz v. Haviland,* No. 01-3606, 55

---

[3] *Smith v. Duncan*, like this case, involved a plaintiff's allegations of deliberate indifference by a prison doctor. Although the Sixth Circuit did not uphold the application of the statutory waiver, the court nevertheless affirmed the dismissal of Smith's complaint on grounds that Smith had not alleged more than negligence, which is insufficient to state an Eighth Amendment claim. Arguably, Plaintiff herein also has alleged no more than negligence – the claim articulated in his identical complaint in the Court of Claims.

5

Fed. Appx. 719, 721-722 (6th Cir. Jan. 15, 2003) (remanding for a determination of whether plaintiff acted knowingly, intelligently, and voluntarily when she filed suit in the Court of Claims).

On the record presented, given Plaintiff's extensive litigation history in both the Ohio Court of Claims and in this federal court, the undersigned has no difficulty in concluding that Plaintiff made a knowing, intelligent and voluntary decision to first file his suit in the Ohio Court of Claims, thereby accepting the waiver of any § 1983 claims against Dr. Ahmed.  A*ccord Brown v. Mason*, 2012 WL 2892036 (S.D. Ohio July 16, 2012) (applying waiver to *pro se* prisoner plaintiff; *Snead v. Mohr*, 2015 WL 1208304 (S.D. Ohio March 16, 2016) (same).  Other cases in this district, including one decided by the same district judge assigned to this case, have applied the waiver against *pro se* prisoner plaintiffs with a less extensive litigation history than presented by Plaintiff McDougald.  *See, e.g. Easley v. Bauer*, Case No. 1:07-cv-37-SJD, 2008 WL 618642, at *1 (S.D. Ohio Feb. 29, 2008) (prisoner plaintiff who had filed up to ten other *pro se* actions was experienced litigant and waived his federal right of action);  *Williams v. Smith*, 2006 WL 2192470 at **10-11 (S.D. Ohio Aug. 1, 2006) (*pro se* plaintiff involved in at least three lawsuits based upon the same alleged facts indicated an "above-average understanding of the law for a *pro se* litigant" and therefore supported application of the waiver).  Like the plaintiff in *Williams*, McDougald's complaints have all been properly captioned, organized into short and clear paragraphs, contained requests for appropriate relief, and cited to federal case law.  Therefore, the undersigned concludes that Plaintiff knowingly, intelligently, and voluntarily waived his federal claim against Dr. Ahmed by filing suit in the Ohio Court of Claims.

The statutory waiver means that Plaintiff has failed to state any federal claim against Defendant Ahmed. There is only one narrow circumstance in which the waiver would not apply. In theory, Plaintiff could present a future claim against Dr. Ahmed if the Court of Claims were to rule that Dr. Ahmed's actions were "manifestly outside the scope of [his] office or employment or [he] acted with malicious purpose, in bad faith, or in a wanton and reckless manner." *See* R.C. §2743.02(A). If and only if that were to occur, this Court would be required to reinstate Plaintiff's claims as if no waiver had ever occurred. *See Turker*, 157 F.3d at 458. However, Plaintiff has not included any allegations in the Court of Claims that would fall within the narrow statutory exception; instead, he has asserted only a claim for simple negligence and/or medical malpractice.

As an alternative argument to the statutory waiver presented by R.C. §2743.02, Defendant points out that the state remains immune from monetary damages under the Eleventh Amendment. To the extent Plaintiff seeks monetary damages against Dr. Ahmed in his *official* capacity, Plaintiff's claim is indeed barred by the Eleventh Amendment.

In his response in opposition to Defendant's motion, Plaintiff does not challenge any of Defendant's arguments directly, but instead challenges dismissal on grounds that this Court previously determined that the complaint was "deserving of further treatment." However, the fact that the undersigned permitted Plaintiff's claim to proceed beyond the screening stage does not preclude the subsequent dismissal of the same claims upon an appropriate motion. It is true that the legal standard of review for failure to state a claim under Rule 12(c) or Rule 12(b)(6) is technically the same as the standard of review for failure to state a claim under 28 U.S.C. §§1915(e) or 1915A. *See Hill v.*

*Lappin,* 630 F.3d 468, 470-471 (6th Cir. 2010). However, the frame of reference differs significantly. Screening under 28 U.S.C. §1915(e) is extremely liberal. The perspective of this Court, as a neutral arbiter examining the complaint on a superficial level without benefit of briefing, differs from that of an opposing party who has an incentive to thoroughly explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings.[4] Necessarily constrained by limitations of time and resources in the course of its initial *sua sponte* examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response.

In addition, 28 U.S.C. §1915(e)(2) expressly permits dismissal "<u>at any time</u> if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." *Id.* (emphasis added). Therefore, the statute itself allows dismissal based upon a subsequent redetermination that no claim has been stated, even if the court's initial inclination was to let the claim proceed. In the case presented, Defendants' well-reasoned motion persuades the undersigned that he is entitled to dismissal based upon Plaintiff's waiver and the statutory bar of R.C. §2743.02.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the motion of Defendant Ahmed for judgment on the pleadings pursuant to Rule 12(c) for failure to state a claim, (Doc. 22), should be GRANTED.

          */s Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

---

[4] Plaintiff also failed to inform the Court in his complaint that he had previously filed suit in the Court of Claims.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, | Case No. 1:16-cv-500 |
| Plaintiff, | Dlott, J. |
| Bowman, M.J. | Bowman, M.J. |
| v. | |
| DR. FAISAL AHMAD, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).